UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

RUSSELL ALLEN, )
)
Plaintiff, )
)
v. ) No. 3 06 0179
) Judge Trauger
GOVERNOR PHIL BREDESEN, )
)
Defendant. )

## MEMORANDUM

The plaintiff, proceeding *pro se* and *in forma pauperis*, is a prisoner in the Charles Bass Correctional Complex in Nashville, Tennessee. The plaintiff brings this action under 42 U.S.C. § 1983 challenging the constitutionality of the Tennessee Sex Offender Registration and Monitoring Act, Tenn. Code Ann. §§ 40-30-201, *et seq* ("the Act").[1] The plaintiff seeks both injunctive and declaratory relief, *i.e.*, a temporary restraining order and a preliminary injunction, and a declaration that the Act is unconstitutional.

The plaintiff alleges that the Act is unconstitutional because it violates/has the potential to violate: 1) the *ex post* facto clause of the United States Constitution (Memo., ¶ 7(2), p. 4); 2) the due process clause of the Fourteenth Amendment (Declaration, ¶ 1, p. 1); 3) the prohibition against cruel and unusual punishment under the Eighth Amendment (Declaration, ¶ 10, p. 2); 4) the deprivation of constitutionally protected liberty interests in employment, family choice, travel, privacy (Declaration, ¶ 11, p. 3); 5) the double jeopardy clause of the Fifth Amendment (Memo., p. 7). According to the plaintiff, requiring him to comply with the Act will result in: 1) the loss of employment opportunities; 2) the possibility of future physical/psychological harm; 3) the potential

---

[1] The original statutory numbering of the Act, *i.e.*, Tenn. Code Ann. §§ 40-39-101, *et seq.* (1994) was changed in 2004 to Tenn. Code Ann. §§ 40-39-201, *et seq.* However, the relevant provisions of the Act remain unchanged.

for harassment by local law enforcement officials; 4) the inability to enter a relationship with a woman if she has small children; 5) the possibility of not being admitted to nursing homes or assisted living facilities; 6) the release of his personal information to the public. (Declaration, ¶¶ 1-10, pp. 1-2)

To state a claim under § 1983, the plaintiff must allege and show: 1) that he was deprived of a right secured by the Constitution or laws of the United States; and 2) that the deprivation was caused by a person acting under color of state law. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)(overruled in part by *Daniels v. Williams*, 474 U.S. 327, 330 (1986)); *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-56 (1978); *Black v. Barberton Citizens Hosp.*, 134 F.3d 1265, 1267 (6th Cir. 1998). Both elements of this two-part test must be met to support a claim under § 1983. *See Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

Under the Prison Litigation Reform Act (PLRA), the Court is required to dismiss a prisoner-plaintiff's complaint if it is determined to be frivolous, malicious, or if it fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b). A complaint is frivolous and warrants dismissal when the claims "lack[] an arguable basis in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law or fact if it contains factual allegations that are fantastic or delusional, or if it is based on legal theories that are indisputably meritless. *Id.* at 327-28; *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198-99 (6th Cir. 1990). Although *pro se* complaints are to be construed liberally by the courts, *see Boag v. MacDougall*, 454 U.S. 364, 365 (1982), under the PLRA, "courts have no discretion in permitting a plaintiff to amend a complaint to avoid a *sua sponte* dismissal," *McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir. 1997).

The Sixth Circuit previously considered a nearly-identical challenge to the Act in *Cutshall*

2

*v. Sundquist*, 193 F.3d 466 (6th Cir. 1999). In *Cutshall*, the Sixth Circuit determined that the Act did not violate/implicate: 1) the constitutional prohibition against double jeopardy, *Id.* at pp. 472-476; 2) the *ex post facto* clause of the United States Constitution, *Id.* at pp. 476-477; 3) the due process clause of the Fourteenth Amendment, *Id.* at pp. 478-483; 4) the prohibition against cruel and unusual punishment under the Eighth Amendment, *Id.* at pp. 477; 5) any protected liberty or property interest in employment or the right to travel, *Id.* at pp. 478-483; 6) any privacy rights under either the federal or state constitutions, *Id.* at pp. 478-4; 7) the equal protection clause under the Fourteenth Amendment, *Id.* at pp. 483-484; 8) the bill of attainder clause of the United States Constitution, *Id.* p. 477). Although the plaintiff raises numerous factual allegations that were not addressed specifically by the Sixth Circuit, each of those allegations falls within the ambit of one or more of the Sixth Circuit's holdings in *Cutshall*. Accordingly, those claims also are without merit..

As reasoned herein, the plaintiff's claims lack an arguable basis in law or fact. Therefore, this action will be dismissed as frivolous. An appropriate Order will enter.

Aleta A. Trauger
United States District Judge

3